# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRADFORD TILGHMAN, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. GJH-17-3692 |
| PRINCESS ANNE POLIC DEPT., et al., | * | |
| Defendants | * | |
| | *** | |
| BRADFORD TILGHMAN, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. GJH-18-578 |
| ATTORNEY GENERAL OF MARYLAND, et al., | * | |
| | * | |
| Defendants | | |
| | *** | |
| BRADFORD TILGHMAN, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. GJH-18-603 |
| CHIEF OF POLICE, et al., | * | |
| Defendants | * | |
| | *** | |

## MEMORANDUM

The above-captioned cases, filed by Bradford Lesley Tilghman, a self-represented pretrial detainee, seek his release from confinement, dismissal of state criminal charges pending against him, expungement of his record, and monetary damages. ECF No. 1. Plaintiff has also filed motions for leave to proceed in forma pauperis, ECF No. 2, which shall be granted. The

complaints are filed against the same defendants/respondents, raise identical claims, arise from the same event, and seek identical relief. As such, consolidation for the purposes of review is appropriate.

Plaintiff alleges he was denied his rights under the Fourth and Fourteenth Amendments when he was arrested, released, and then rearrested on the same charges. *Id.* He claims that under Maryland law the second arrest was impermissible and that the first arrest should have been expunged from his records. *Id.* Additionally, he alleges in Civil Action No. GJH-18-578, that Assistant State's Attorney Kendra Hayward and defense attorney Art Mcffadden conspired to "read the wrong law to the judge" resulting in his continued confinement. ECF No. He reasserts his claim that his arrest, release, and rearrest were improper. *Id.* Plaintiff is currently confined in the Queene Anne's County Detention Center awaiting trial on criminal charges pending against him which are the subject of the instant cases. ECF No. 1; *see also* Maryland Judiciary Case Search, *State v. Tilghman*, Case Nos. C19CR17000269 and C19CR17000545, Circuit Court for Somerset County, Maryland.[1]

In *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the Supreme Court held that claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned and complaints containing such claims must therefore be dismissed without prejudice. *See also Edwards v. Balisok*, 520 U.S. 641, 645 (1997) (*Heck* precludes claims that necessarily imply the invalidity of the judgment). These cases were filed as civil rights actions. To the extent Plaintiff seeks monetary damages, his claims for damages cannot be entertained by this court as he has not yet stood trial in his criminal case.

Additionally, for the reasons that follow, Plaintiff's claims against prosecutors Garner and

---

[1] http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis (last visited March 13, 2018).

2

Hayward, and defense attorney Mcffadden are individually subject to dismissal.

Prosecuting attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial, as opposed to investigative or administrative functions. *See Imbler v. Pachtman*, 424 U.S. 409 422-23 (1976). Absolute immunity is designed to protect *judicial process*, thus the inquiry is whether prosecutor's actions are closely associated with judicial process. *See Burns v. Reed*, 500 U.S. 478, 479 (1991) (citing *Imbler*, 424 U.S. at 423-23). The decision as to "whether and when to prosecute" is "quasi-judicial," therefore, defendants Garner and Hayward enjoy absolute immunity under the facts alleged by Plaintiff. *See Lyles v. Sparks*, 79 F.3d 372 377 (4th Cir. 1996).

As to Plaintiff's defense attorney, Mcffadden, privately retained attorneys do not act under color of state law even if they are appointed by the court. *See Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976); *see also Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). In addition, public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk Cty v. Dodson*, 454 U.S. 312, 453-54 (1981). While an attorney who conspires with a state official to violate constitutional rights does act under color of state law, evidence of the conspiracy is required. *See Tower v. Glover*, 467 U.S. 914, 920 (1984); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (plaintiff must make more than naked assertion of conspiracy). As such, Plaintiff's complaint is subject to dismissal as to Garner, Hayward and Mcffadden.

Plaintiff's request for dismissal of the charges against him and expungement of the record is also not properly before this Court. Pretrial federal habeas relief is available under 28 U.S.C. §2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*,

816 F. 2d 220, 224B 26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

Special circumstances justifying this Court's intervention do not exist where there are procedures in place to protect petitioner's constitutional rights. *See Moore v. DeYoung*, 515 F. 2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F. 2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971). The alleged errors raised by Plaintiff in the instant cases may be addressed by the trial court. Thus, the hybrid petition must be dismissed without prejudice.

A separate Order follows.

3/16/2018

GEORGE J. HAZEL
UNITED STATES DISTRICT JUDGE